# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP J. LYONS,<br><br>                          Plaintiff,<br><br>    v.<br><br>A. DICUS et al.,<br><br>                          Defendants. | Case No. 2:14-cv-1813-APG-VCF<br><br>**ORDER** |

**I.    DISCUSSION**

On March 16, 2015, this Court entered a screening order dismissing the complaint in its entirety, with prejudice, as amendment would be futile. (Dkt. #3 at 8). The Clerk of the Court entered judgment that same day. (Dkt. #5). In the complaint, Plaintiff had alleged claims for unsafe prison conditions, retaliation, and denial of access to the courts because Defendant Correctional Officer Dicus had referred to grievances as "snitch kites." (*See* dkt. #3 at 4-5). Based on that remark, Plaintiff refused to take a grievance because being viewed as a snitch in prison posed a substantial risk to Plaintiff's health and safety. (*Id.* at 4). The Court found that Plaintiff had failed to state any claims because Plaintiff had failed to: (a) make any allegations that the term "snitch kite" had placed a serious threat to Plaintiff's life; (b) establish that the use of the term "snitch kite" was an adverse action under these circumstances; and (3) establish that the term "snitch kite" prevented Plaintiff from accepting a grievance. (*Id.* at 5-7).

On March 26, 2015, Plaintiff filed a motion for reconsideration. (Dkt. #6). In the motion, Plaintiff argues that the Court committed clear error in dismissing his complaint

because the Court "completely overlooked Defendant Dicus's actual motive for labeling prison grievance forms 'snitch kites.'" (*Id.* at 3, 5). Plaintiff argues that his complaint alleged that Dicus knew that a prisoner being perceived as a "snitch" posed a substantial risk to a prisoner's health and safety. (*Id.* at 5-6).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The arguments in the motion for reconsideration are the same arguments that Plaintiff made in his complaint and that the Court considered in its initial screening order. As such, the Court denies Plaintiff's motion for reconsideration.

**II.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion for reconsideration (Dkt. #6) is denied.

Dated: April 13, 2105.

_____
UNITED STATES DISTRICT JUDGE